**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:4-cv-1810

APPEZZATO, Anthony,
Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company,
THE PROCTOR & GAMBLE COMPANY, an Ohio corporation.

Defendants.

---

**COMPLAINT – ACTION FOR DAMAGES FOR PROPERTY RIGHTS
INFRINGEMENT**

---

COMES NOW Plaintiff, Anthony Appezzato, by and through undersigned counsel, and hereby complains against Defendants NBCUniversal Media, LLC ("NBCUniversal") and The Proctor & Gamble Company ("P&G"), and for causes of action alleges as follows:

<u>Introduction</u>

1.  This matter arises under the United States Copyright Act of 1976 as amended, 17 U.S.C §§101 et. seq. (the "Copyright Act").

2.  Defendants are infringers of Plaintiff's copyrights in the photograph entitled "Goepper and Mom," (the "Work") having illegally made a derivative work, reproduced, distributed, and publically displayed the Work.

3.  Plaintiff is the registered owner of the copyrights in the Work as set forth
    on Exhibit A.

**<u>Jurisdiction and Venue</u>**

4.  This Court has subject matter jurisdiction over this action pursuant to 28
    U.S.C. §1331 (federal question); and 28 U.S.C. § 1338 (patents,
    copyrights, trademarks, and unfair competition).

5.  Defendant NBCUniversal Media, LLC is a leading media and
    entertainment company that operates a portfolio of news and
    entertainment networks, a premier motion picture company, television
    production operations, a leading television stations group, theme parks,
    and a suite of Internet based-businesses throughout the world, including in
    this jurisdiction. NBCUniversal operates and substantially does business
    in this jurisdiction and therefore, this Court has personal jurisdiction over
    NBCUniversal because (i) Defendant committed the tortuous conduct
    alleged in this Complaint in this State, and (ii) Defendant has engaged in
    substantial business activities in this State.

6.  Defendant The Proctor & Gamble Company is an American multinational
    consumer goods company. P&G's products include pet foods, cleaning
    agents, and personal care products, which it sells throughout the world
    and in this jurisdiction. P&G operates and does substantially and
    continuous business in this jurisdiction and therefore, this Court has
    personal jurisdiction over P&G because (i) Defendant committed the

tortuous conduct alleged in this Complaint in this State, and (ii) Defendant has engaged in substantial business activity in this State.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because (i) a substantial part of the events or omissions giving rise to the claims occurred in this District, and (ii) Defendants conduct substantial business in this District; additionally venue is proper in this District pursuant to 28 U.S.C. §1400 (a) (venue for copyright cases) because Defendants, or Defendants' agents, may be found in the District.

## Parties

8. Plaintiff, Anthony Appezzato, is an individual residing in Colorado, and can be located at 1293 S. Marshall Court, Lakewood, Colorado, 80232.

9. Defendant NBCUniversal Media, LLC is a duly registered Delaware limited liability company and existing under the laws of the State of Delaware and has its principal place of business located at 30 Rockefeller Plaza, New York, NY 10009.

10. Defendant The Proctor & Gamble Company is a duly registered Ohio corporation and existing under the laws of the State of Ohio and has its principal place of business located at One Proctor & Gamble Plaza, Cincinnati, Ohio, 45202.

## Factual Background

11. Plaintiff is an individual who provides services to SMITH Optics Inc. ("SMITH") as an independent contractor under the title "Merchandiser."

12. As part of Plaintiff's services to SMITH, Plaintiff travels to numerous grass roots marketing events to help build and promote the SMITH brand.

13. Between January 23, 2014 and January 26, 2014, Plaintiff attended the 2014 Winter X-Games in Aspen, Colorado (the "X-Games") in order to set up promotional tents and structures for SMITH, and as a Merchandiser for SMITH.

14. Plaintiff takes photographs of action sports as a hobby. Plaintiff is not a professional photographer and has never been employed as a professional photographer.

15. None of Plaintiff's contractual duties to SMITH include, or have ever included, taking photographs for SMITH.

16. While Plaintiff was not providing services to SMITH during the X-Games, Plaintiff was free to spend his time how he wished.

17. During Plaintiff's free time, while Plaintiff was not fulfilling contractual obligations owed to SMITH, Plaintiff used his camera to take photographs of the X-Games events and the athletes competing at those events.

18. On or about January 26, 2014, Plaintiff captured a twelve (12) shot photography sequence, including the Work, of freestyle skier Nick Goepper and his mother hugging after Mr. Goepper won the 2014 Winter X-Games Ski Slopestyle title.

19. Plaintiff showed the Work to colleague Gabe Schroder at SMITH, who then forwarded the Work to Mr. Goepper.

20. Mr. Goepper posted the Work to Mr. Goepper's personal social media account on Instagram.

21. On or about January 30, 2014, Sheryl Shade of Shade Global Inc. contacted Mr. Schroder and indicated that P&G would like to purchase the rights to the Work.

22. Mr. Shroder introduced Ms. Shade to Plaintiff, who then introduced Plaintiff to Jeanine Cady of P&G.

23. In e-mail communications, Ms. Cady indicated P&G's interest in purchasing rights to the Work.

24. After several e-mail communications, Ms. Cady finally rejected Plaintiff's offer to license the Work, stating that it was "a little out of [P&G's] budget."

25. Thereafter, communications between Plaintiff and P&G ceased.

26. On February 23, 2014, Plaintiff discovered that the Work had been used in a commercial (the "Commercial") for P&G, which was part of P&G's larger "Thank You, Mom" advertisement campaign, and which aired as part of NBC's 2014 Sochi Olympic coverage on NBC's television network.

27. The Commercial aired on NBC television network at approximately 9:50PM MST on February 13, 2014, and again at approximately 2:50AM MST on February 14, 2014.

28. The Work is shown at approximately 00:18 minutes in the Commercial.

29. The Commercial was also available online at www.nbcolympics.com.

30. SMITH disclaims any ownership interest in the Work under Work Made for Hire doctrine, and any other legal principles or law that may give rise to ownership claims by SMITH.

31. To the extent that SMITH owned copyrights in the Work, SMITH has additionally assigned all rights to Plaintiff.

**Miscellaneous**

32. All conditions precedent to bringing this action have occurred or been waived.

33. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for counsel's services.

**Count I**
**Direct Infringement Against Defendants**

34. Plaintiff incorporates the allegations contained in paragraphs 1-32 of the Complaint as if fully set forth herein.

35. Plaintiff is the owner of Copyrights-in-Suit as outlined in Exhibit A, which covers an original work of authorship.

36. By modifying and utilizing the Work in its Commercial that aired during prime time television, Defendants copied and distributed the constituent elements of each of the original works covered by the Copyright-in-Suit.

37. Plaintiff did not authorize, permit or consent to Defendants' modification, reproduction, distribution, or display of the Work.

38. As a result of the foregoing, Defendants violated Plaintiff's exclusive right to:

a. Reproduce the Work in copies, in violation of 17 U.S.C. §§106(1) and 501;

b. Prepare derivative works based upon the Work, in violation of 17 USC §§106(2) and 501;

c. Distribute copies of the Work to the public by sale or other transfer or ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§106(3) and 501; and

d. Display the Work, in violation of 17 U.S.C. §§106(5) and 501, by showing individual images of the Work and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C §101's definition of "publically display").

39. Defendants' infringements were committed "willfully" within the meaning of 17 U.S.C. §502(c)(2).

### COUNT II
### Contributory Infringement

40. Plaintiff incorporates the allegations contained in paragraphs 1-38 as if fully set forth herein.

41. Plaintiff is the owner of copyrights for the Work, of which consists of an original work of authorship

42. By producing and/or disseminating promotional and advertising content via primetime television, each Defendant copied the constituent elements of the Work that are original.

43. By producing and/or disseminating advertising content, each Defendant induced, caused, or materially contributed to the infringing conduct of each other Defendant.

44. Plaintiff did not authorize, permit or consent to Defendants' inducing, causing, or materially contributing to the infringing conduct of each other Defendant.

45. Each Defendant knew, or should have known, that the other Defendant would copy and reproduce Plaintiff's Work in promotional or advertising materials.

46. Each Defendant knew or should have known that the other Defendant was directly infringing on Plaintiff's copyrighted Work by copying constituent elements of the Work that are original.

47. Indeed, each Defendant directly participated in, and therefore materially contributed to, each other Defendant's infringing activities.

48. Each of the Defendant's contributory infringements were committed "willfully" within the meaning of 17 U.S.C. §504(c)(2).


WHEREFORE, Plaintiff respectfully requests that that Court:


(A) Permanently enjoy Defendants, and all other persons who are in active concert or participation with Defendants, from continuing to infringe on Plaintiff's copyrighted works;

(B) Order that Defendants delete and permanently remove the digital media files related to Plaintiff's Work;

(C) Order that Defendants delete and permanently remove infringing copies of Plaintiff's Work that Defendants have in Defendants' possession, custody, or control;

(D) Award Plaintiff statutory damages in the amount of $150,000 per an infringed Work pursuant to 17 U.S.C. 504(a) and (c);

(E) Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(F) Grant Plaintiff any other and further relieve as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 30, 2014.

Respectfully Submitted,

By: /s/ Christina E. Saunders
Christina E. Saunders

Sparkman Foote Minor LLP
1616 17th Street, Suite 370
Denver, CO 80202
Telephone: (303) 396-0270
Facsimile:

E-mail: Saunders@SFMLawgroup.com

*Attorney for Plaintiff*